UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| ANTOINE MAURICE MOORE, *Pro Se*, | ) | Case No.: 3: 18 CV 2977 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LUCAS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Respondent | ) | AND ORDER |


*Pro Se* Petitioner Antoine Maurice Moore has filed a Petition for a Writ of *Habeas Corpus* in this matter pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) His Petition on its face indicates he seeks to challenge on various grounds criminal charges originally brought against him in Case No. CR 18-2589 in the Lucas County Court of Common Pleas. The Petition also indicates he seeks to challenge a pending federal criminal case against him, Case No. 3:18 CR 532. (*Id.*)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be summarily dismissed. *Habeas corpus* relief is available under § 2254 only to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Petition on its face does not indicate Petitioner is in custody pursuant to a State court judgment. Rather, on its face the Petition indicates that the state criminal case the Petitioner seeks to challenge was dismissed. The Petition states that Lucas County Case No. CR 18-2589 was "nolle dismiss[ed]." (Doc. No. 1 at 1.)

Accordingly, because Petitioner does not demonstrate he is in custody pursuant to a State court judgment, § 2254 provides him no avenue for relief.

Further, to the extent the Petitioner seeks to challenge charges against him in a pending federal criminal case, he likewise has no plausible claim for relief under § 2254. Where a federal pretrial detainee's claims purport to be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before *habeas corpus* relief may become available under 28 U.S.C. § 2241. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F.Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1985 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)). In any case, Petitioner may not pursue *habeas corpus* relief in connection with federal charges under § 2254.

**Conclusion**

Accordingly, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and the Petition is summarily dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus*

Cases.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 23, 2019